JACOBS PC
Leo Jacobs, Esq.
8002 Kew Gardens Rd, Ste. 300
(718) 772-8704
Queens, New York 11415
leo@jacobspc.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – X

| | | |
|---|---|---|
| SHHA LLC | : | Case No. |
| Plaintiff(s), | : | **COMPLAINT** |
| v. | : | |
| OPAL HOLDINGS LLC, OPAL HOLDINGS NY LLC, HOLMAN FUNDING GROUP INC, SHAYA PRAGER, CHAIM HOLMAN | : | **JURY TRIAL DEMANDED** |
| Defendant(s). | : | |

– – – – – – – – – – – – – – – – – – – – – – – – X

Plaintiff, by and through its counsel, complains as follows:

## NATURE OF THE ACTION

1.      This action seeks money damages, a constructive trust for the benefit of plaintiff, declaratory relief for damages sustained by plaintiff, and for violations committed by said defendants, for their breach of contract and unjust enrichment.

## PARTIES

2.      Plaintiff SHHA, LLC ("SHHA") is a domestic limited liability company registered in Wyoming and is thus a citizen of Wyoming.

3.      Defendant OPAL HOLDINGS LLC (Defendant "Opal Holdings") is a domestic limited liability company registered in New York and is thus a citizen of New York.

4.     Defendant OPAL HOLDINGS NY LLC (Defendant "Opal Holdings NY") is a domestic limited liability company registered in New York and is thus a citizen of New York.

5.     Defendant SHAYA PRAGER ("Prager") is a resident of New Jersey and is thus a citizen of New Jersey. Defendant Prager is the owner, member, and officer of Opal Holdings and Opal Holdings NY (collectively, "the Opal Entities").

6.     Defendant HOLMAN FUNDING GROUP, INC ("Holman Funding") is a domestic corporation registered in New York and is thus a citizen of New York.

7.     Defendant CHAIM HOLMAN ("Holman") is a resident of New York and is thus a citizen of New York. Defendant Holman is the owner, member, and officer of Holman Funding.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over these claims under 28 U.S.C. §§ 1332(a).

9.     The case is based on the parties' diversity of citizenship under 28 U.S.C. § 1332(a)(1) because it is between corporations of different states and the amount in controversy is over $75,000.

10.    This Court has authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and plaintiffs' prayer for costs, including reasonable attorneys' fees.

11.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant is subject to this Court's jurisdiction.

## BACKGROUND

12.    This action arises out of Defendants' breach of a contract entered with SHHA. The contract concerned the sale of 1,800,000 3-ply facemasks by Defendants to non-party buyers, with Plaintiff acting as broker.

13.    Plaintiff SHHA was in conversations with Defendant Holman and Defendant Holman Funding, regarding the sale of the masks.

14.    On or about June 10, 2020, Defendant Holman introduced Plaintiff SHHA to Defendant Prager, who had masks to sell, with Defendant Holman representing that:

    a.  He was Defendant Prager's agent;

    b.  Defendant Prager was reliable; and

    c.  He had done significant business with Defendant Prager in the past.

15.    Defendant Holman further represented that Defendant Prager confirmed that SHHA will get paid their commission if they can procure a buyer for Defendant Prager's masks.

16.    SHHA, Prager and the Opal Entities, through Defendant Holman and Holman Funding acting as Defendant Prager's and the Opal Entities' agent, made an agreement for the supply, sale, and distribution of Defendant Prager's masks.

17.    Per the agreement, Defendant Prager and the Opal Entities, through their agent, Defendant Holman and Holman Funding, agreed to pay Plaintiff SHHA a commission amounting to the difference in the sale price of the masks and the cost of the masks to SHHA.

18.    Plaintiff SHHA procured a buyer for Defendant Prager and the Opal Entities, who entered into a purchase order agreement with Defendant Prager and The Opal Entities.

19.     Plaintiff SHHA served as a broker to Defendant Prager and facilitated the sale, culminating in a purchase order for 1,800,000 3-ply surgical masks at $0.60 each for a total of $1,080,000. (See Exhibit A).

20.     The cost to SHHA was $0.40 per mask, for which SHHA is entitled to its commission of $0.20 per mask, for a total of $360,000.

21.     Plaintiff SHHA invested significant time, effort, and knowledge into the success of the sale, including, but not limited to working with additional brokers, locating buyers, and salvaging the deal when the buyers wanted to withdraw.

22.     Plaintiff SHHA contacted Defendant Holman and Defendant Prager multiple times through phone calls, emails, and text messages asking for the commission duly owed to SHHA, but to no avail.

23.     Defendants failed to pay the commission owed to SHHA, are refusing to pay the commission owed to SHHA, and are otherwise not responding to SHHA's demands.

### As and For Plaintiff's First Cause of Action
### (Declaratory Relief Against Holman and Holman Funding)

24.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

25.     Plaintiff demands that the Court declare that Holman and Holman Funding acted as Prager's and the Opal Entities' agent.

26.     Plaintiff demands that the Court declare that a valid contract existed between SHHA, Holman, and Holman Funding.

### As and For Plaintiffs' Second Cause of Action
### (Declaratory Relief Against Prager and the Opal Entities)

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

28.     Plaintiff demands that the Court declare that a valid contract existed between SHHA, Prager, and the Opal Entities.

### As and For Plaintiffs' Third Cause of Action
### (Unjust Enrichment)

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

30.     Defendants benefited from their misconduct.

31.     Plaintiff SHHA provided the knowledge, insight, work, and guidance to sell 1,800,000 masks.

32.     Defendants withheld the commissions from the sale from Plaintiff SHHA.

33.     It is unjust for Defendants to benefit from Plaintiff in such a manner.

34.     As such, Plaintiff demands a monetary judgment of $360,000 representing the commission owed to Plaintiff SHHA by Defendants.

### As and For Plaintiffs' Fourth Cause of Action
### (Breach of Contract)

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

36.     Plaintiff and Defendants entered into an agreement wherein Defendants agreed to pay Plaintiff SHHA a commission for brokering the sale of the masks.

37.     Plaintiff SHHA was a legal entity when the contract was entered into.

38.     Plaintiff SHHA brokered the sale of 1,800,000 masks as per the contract with Defendants.

39.     Defendants refused to pay the commission per the agreement with Plaintiff SHHA and began avoiding contact with Plaintiff SHHA.

40.     As such, Defendants breached the contract, and Plaintiff has been damaged.

41.     The Defendants' breach was willful, intentional, and malicious.

42.     Plaintiff demands a money judgment in an amount equal to the commission of $360,000, plus punitive damages for Defendants' willful breach.

### As and For Plaintiff's Fifth Cause of Action
### (Piercing the Corporate Veil of the Opal Entities)

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

44.     At all times relevant herein, Defendant Prager owned and controlled The Opal Entities.

45.     At all times relevant herein, Defendant Prager was the principal, founder, director, owner, chief executive officer and/or president of The Opal Entities and conducted and managed their day-to-day operations.

46.     Defendant Prager was fully aware of and authorized the conduct undertaken in carrying out the day-to-day operations of The Opal Entities, including all of the conduct which is the subject of this litigation.

47.     Defendant Prager abused the corporate form to further his personal interests.

48.     Defendant Prager used The Opal Entities' corporate identity as a shield against personal liability and used the corporate identity as a subterfuge for illegal acts.

49.     Defendant Prager used The Opal Entities to defeat the ends of justice, as justice would have required The Opal Entities to maintain sufficient insurance and/or reserves to meet foreseeable liabilities.

50.     Injustice will occur if Plaintiff SHHA is not allowed to recover its damages, due to Defendant Prager being cloaked in corporate protection while not sufficiently capitalizing his companies.

51.     The above-referenced conduct of Defendant Prager shows a level of control over The Opal Entities, such that this corporation was a mere instrumentality, or alter ego, of the individual defendant.

52.     Defendant Prager disregarded corporate formalities in his operation of The Opal Entities.

53.     Defendant Prager failed to maintain adequate company records with regard to his operation of The Opal Entities.

54.     Defendant Prager undercapitalized The Opal Entities.

55.     Defendant Prager transferred assets from The Opal Entities, to himself personally, as well as other companies and persons associated with him, leaving the company insufficiently capitalized to repay its foreseeable liabilities to Plaintiff SHHA.

56.     Accordingly, it is appropriate to pierce the corporate veil and impose the liability of The Opal Entities directly on Defendant Prager.

### As and For Plaintiff's Sixth Cause of Action
### (Piercing the Corporate Veil of Holman Funding)

57.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

58.     At all times relevant herein, Defendant Holman owned and controlled Holman Funding.

59.     All times relevant herein, Defendant Holman was the principal, founder, director, owner, chief executive officer and/or president of Holman Funding.

60.     Defendant Holman was fully aware of and authorized the conduct undertaken in carrying out the day-to-day operations of Holman Funding including all of the conduct which is the subject of this litigation.

61.     Defendant Holman abused the corporate form to further his personal interests.

62.     Defendant Holman used Holman Funding corporate identity as a shield against personal liability and used the corporate identity as a subterfuge for illegal acts.

63.     Defendant Holman used Holman Funding to defeat the ends of justice, as justice would have required Holman Funding to maintain sufficient insurance and/or reserves to meet foreseeable liabilities.

64.     Injustice will occur if Plaintiff SHHA is not allowed to recover its damages, due to Defendant Holman being cloaked in corporate protection while not sufficiently capitalizing his company.

65.     The above-referenced conduct of Defendant Holman shows a level of control over Holman Funding, such that this corporation was a mere instrumentality, or alter ego, of the individual defendant.

66.     Defendant Holman disregarded corporate formalities in his operation of Holman Funding.

67.     Defendant Holman failed to maintain adequate company records with regard to his operation of Holman Funding.

68.     Defendant Holman undercapitalized Holman Funding.

69.     Defendant Holman transferred assets from Holman Funding, to himself personally, as well as other companies and persons associated with him, leaving the company insufficiently capitalized to repay its foreseeable liabilities.

70.     Accordingly, it is appropriate to pierce the corporate veil and impose the liability of

Holman funding directly on Defendant Holman.

### As and For Plaintiff's Seventh Cause of Action
### (Constructive Trust)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

the preceding paragraphs as if fully set forth herein.

72.     Plaintiff SHHA and Defendants held a close and fiduciary relationship.

73.     Plaintiff SHHA and Defendants entered into an agreement.

74.     Defendants breached the agreement by failing to pay SHHA its duly owed

commission.

75.     Defendants will be unjustly enriched if the Court does not declare a constructive

trust for the assets and proceeds derived from the sale of masks for the benefit of

SHHA.

76.     As such, Plaintiff SHHA demands a constructive trust.

**[SPACE INTENTIONALLY LEFT BLANK]**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

A.  A declaratory judgment that

      a.  Defendant Chaim Holman acted as Defendant Shaya Prager's agent.
      b.  That a valid contract existed between SHHA, Holman and Holman Funding.
      c.  That a valid contract existed between SHHA, Prager and the Opal Entities.

B.  Money damages in an amount of $360,000, plus punitive damages.

C.  Piercing the corporate veil of the Opal Entities.

D.  Piercing the corporate veil of Holman Funding.

E.  A constructive trust for the benefit of SHHA.

F.  An award of costs of this litigation, including reasonable attorneys' fees.

G.  Such other and further relief as this court deems just and proper.

Dated: August 7, 2020
Kew Gardens, New York

Respectfully,

JACOBS PC

_____

Leo Jacobs, Esq.
8002 Kew Gardens Rd, Ste. 300
Queens, New York 11415
(718) 772-8704
leo@jacobspc.com
*Attorneys for Plaintiff*
