

Adam J. Stein
Direct Dial: 347.378.1917
astein@steinadlerlaw.com

October 27, 2020

**VIA ECF & FEDERAL EXPRESS**
Honorable Denis R. Hurley, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11172

      Re:    *SHHA LLC v. Opal Holdings LLC et al.,*
             Case No. 2:20-cv-03574-DRH-AYS
             Request for Pre-Motion Conference

Dear Judge Hurley:

      We represent Defendants Opal Holdings LLC, Opal Holdings NY LLC (the "Opal Parties") and Shaya Prager.  We write to respectfully request permission to file a motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss all claims asserted against our clients in the Amended Complaint.

## The Amended Complaint

      Plaintiff SHHA, LLC ("SHHA") is the Wyoming entity of Saad Bin Shafiq, a Pakistani expatriate whose LinkedIn profile indicates that he has been a student at Hunter College for the past four (4) years.  SHHA commenced this action to collect an allegedly unpaid sales commission of $360,000.00 on the sale of $1,080,000.00 worth of three-ply surgical face masks from Lyon Imports LLC to Payload Group, LLC.  SHHA attaches a Purchase Order to the Amended Complaint.

      SHHA alleges that "[o]n or about June 10, 2020"—which is actually the day ***after*** the date on the Purchase Order—Chaim Holman of Holman Funding Group (a small-business lender) represented that: (i) Holman had done significant business with and was the agent of defendant Shaya Prager; and (ii) "Prager and the Opal entities . . . agreed to pay Plaintiff SHHA a commission" if it could "procure a buyer for [] Prager's masks."  (Compl. ¶¶ 15-18).

      SHHA alleges that it performed under the alleged agreement by "procur[ing] a buyer for Defendant Prager and the Opal Entities," yet has not been compensated.  (*Id.* ¶¶ 19-21).

      SHHA's pleading is fundamentally flawed and, amongst other things:

(i)    Does not allege the existence of a written agreement.  (There is none.)

(ii)   Does not allege that SHHA interacted with the Opal Entities or Mr. Prager. (It has not.)

(iii)  Does not set forth any facts as to why SHHA would reasonably accept the alleged representation of Chaim Holman (a small-business lender) that he was an agent for, and could enter into agreements on behalf of, a seller of surgical masks.



Adam J. Stein
Direct Dial: 347.378.1917
astein@steinadlerlaw.com

(iv)  Alleges that SHHA introduced a purchaser *after* the June 9, 2020 Purchase Order date.

(v)  Alleges that the Opal Parties agreed to pay a nonsensical 33% commission to SHHA to find a buyer for three-ply surgical masks in the midst of a global pandemic when such personal protective equipment was in short supply.

(vi)  Alleges illogically that the commission was based upon "the cost of the masks to SHHA" while at the same time alleging that SHHA was merely acting as a "broker," and that it was "Prager[] who had masks to sell."  (*Id.* ¶¶ 13, 15, 18, 21).

## **Plaintiff's Claims are Barred by the Statute of Frauds**

New York's Statute of Frauds provides that certain agreements are void "unless [the contract] or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent."  N.Y. G.O.L. § 5-701(a). Subdivision 10 of the Statute encompasses "a contract to pay compensation for services rendered . . . in negotiating the . . . sale . . . of a business opportunity, business, its good will, inventory, fixtures or an interest therein . . . ."

A long line of caselaw thereunder holds that "[a] commission for locating a purchaser of goods falls within the scope of this provision."  *Yarusi v. S. Sedghi*, No. 14 Civ. 7963(NRB), 2015 U.S. Dist. LEXIS 107002, at *9-10 (S.D.N.Y. Aug. 13, 2015); *Intertex Trading Corp. v. Ixtaccihuatl S.A. de CV*, 754 F. Supp. 2d 610, 614-15 (S.D.N.Y. 2016) (applying G.O.L. § 5-701(a)(10) to plaintiff that "introduces buyers and sellers and receives a commission on each order brokered between the two" for "the sale of textile goods"); *Bonsey v. Kates*, No. 13 Civ. 2708(RWS), 2013 WL 4494678 (S.D.N.Y. Aug. 21, 2013) (applying G.O.L. § 5-701(a)(10) to commission in sale of cello); *Int'l Trading & Sales, Inc. v. Philipp Bros.*, Inc., 97 A.D.2d 699 (1st Dep't 1983) (applying G.O.L. § 5-701(a)(10) to the "introduction of parties for the purpose of entering into an agreement to supply a nation with its requirement for fertilizer"); *Victor v. Lange*, 28 A.D.2d 525, 525 (1st Dep't 1967) ("Special Term properly held that the New York Statute of Frauds applied to bar plaintiff's alleged causes of action grounded upon a contract to pay for services rendered in securing a purchaser for a quantity of books").

The Amended Complaint does not reference a written agreement.  Instead, it alleges that "Defendant Holman [] ***represented*** that Defendant Prager confirmed that SHHA will get paid their commission if they can procure a buyer for Defendant Prager's masks."  (Compl. ¶¶ 15-18 (emphasis added)).

In such circumstance, G.O.L. § 5-701(a) bars claims based upon an alleged oral agreement, including claims for *quantum meruit* and unjust enrichment. *See Chardan Capital Mkts., LLC v. NW Biotherapeutics, Inc.*, No. 17-cv-4727, 2018 U.S. Dist. LEXIS 131867, at *6 (S.D.N.Y. Aug 6, 2018) ("The New York Court of Appeals has made clear that section 5-701(a)(10) applies to claims for quantum meruit and unjust enrichment.") (citing *Snyder v. Bronfman*, 13 N.Y.3d 504 (2009)).



Adam J. Stein
Direct Dial: 347.378.1917
astein@steinadlerlaw.com

**<u>Plaintiff Fails to Plead a Legally Cognizable Theory of Agency</u>**

The Amended Complaint alleges that Prager and the Opal Entities entered into an agreement "through Defendant Holman and Holman Funding acting as Defendant Prager's and the Opal Entities' agent." (Compl. ¶ 17).  The only facts pled to support this claim of agency—through which a small-business lender is alleged to have bound a seller of surgical face masks—are Plaintiff's claims that Holman "represent[ed] that [h]e we Prager's agent" and "had done significant business with Defendant Prager in the past." (*Id.* ¶ 15).  This fails to state a viable claim.

"[C]ourts routinely dismiss claims based on agency theory where the pleadings contain insufficient allegations in that regard." *Spagnola v. Chubb Corp.*, 264 F.R.D. 76 (S.D.N.Y. 2010) (collecting cases); *Adams v. Labaton, Sucharow & Rudoff LLP*, No. 07 Civ. 7017(DAB), 2009 WL 928143, at *4 (S.D.N.Y. Mar. 20, 2009) ("Plaintiff has not with this Complaint pled any facts suggesting that the [alleged principal] made any affirmative action to create the appearance of authority in [the alleged agent] necessary to bind the [alleged principal]"); *Precedo Capital Grp. Inc. v. Twitter Inc.*, 33 F. Supp. 3d 245, 255 (S.D.N.Y. 2014) ("[T]he Complaint does not successfully plead an agency relationship between GSV Asset and Twitter by actual authority, apparent authority, or ratification. . . . Accordingly, Twitter's motion to dismiss is granted.").

"[T]o establish actual agency a plaintiff must demonstrate the following elements: (1) manifestation by the principal that the agent shall act for him; (2) the agent accepted the undertaking; and (3) an understanding between the parties that the principal is to be in control of the undertaking." *Spagnola*, 264 F.R.D. 76 ("Plaintiffs have pled no facts to indicate that Chubb or FIC ever manifested to Great Northern its intent that Great Northern would be authorized to bind them.").

With respect to apparent authority, "the Second Circuit has rejected the notion that an agent can create apparent authority by his own actions and representations.  Rather, in order for apparent authority to have been properly created, 'the principal must manifest to the third party that he consents to have the act done on his behalf by the person purporting to act for him. . . .'  Apparent authority requires 'words or conduct of the principal, communicated to a third party,' that give rise to the appearance and belief that the agent possesses authority to enter into a transaction." *Adams v. Labaton, Sucharow & Rudoff*, 2009 WL 928143, at *4 (quoting *Fennell v. TLB Kent Co.*, 865 F.2d 498, 502 (2d Cir. 1989)).

The Amended Complaint fails to plead a cognizable agency claim and is wholly implausible, and thus, Plaintiff should not be permitted to proceed.

*       *       *

The Opal Entities and Mr. Prager also intend to seek dismissal of Plaintiff's veil-piercing claim as unsupported by any factual allegations, non-contract claims as duplicative, and constructive trust claim since the parties do not have a "fiduciary relationship" as alleged.

We thank the Court for its consideration of this matter.



Adam J. Stein
Direct Dial: 347.378.1917
astein@steinadlerlaw.com

                        Respectfully Submitted,

                        Adam J. Stein

cc:    All counsel of record (via ECF)