# LAW OFFICE OF
# DAVID E. MILLER, LLC

427 ELMWOOD AVENUE
MAPLEWOOD, NJ 07040

675 THIRD AVENUE, 8TH FL.
NEW YORK, NY 10017

DEMILLER@DEMILLERLAW.COM
WWW.DEMILLERLAW.COM
(917) 405-8096

October 28, 2020

**Via ECF**
Judge Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *SHHA, LLC v. Opal Holdings LLC et al.*
Case No. 2:20-cv-03574-DRH-AYS

Dear Judge Hurley,

We represent defendants Holman Funding Group, Inc. ("Holman Funding") and Chaim Holman ("Mr. Holman" and, together with Holman Funding, "Holman") in the above-referenced matter.

I served the attached letter yesterday via e-mail on all counsel, and also sent Your Honor a copy via FedEx, but had difficulty filing it on ECF. I respectfully request that you consider it as if it had been timely filed yesterday on ECF.

Respectfully submitted,

/s/ David E. Miller, Esquire

cc:   Leo Jacobs, Esq.
      Eduard Kushmakov, Esq.
      Jacobs PC
      *Counsel for Plaintiff SHHA, LLC* (*via* ECF)

      Adam J. Stein, Esq.
      Stein Adler Dabah Zelkowitz LLP
      *Counsel for Defendants Shaya Prager,*
      *Opal Holdings LLC and Opal Holdings NY LLC* (*via* ECF)

# LAW OFFICE OF
# DAVID E. MILLER, LLC

427 ELMWOOD AVENUE
MAPLEWOOD, NJ 07040

675 THIRD AVENUE, 8TH FL.
NEW YORK, NY 10017

DEMILLER@DEMILLERLAW.COM
WWW.DEMILLERLAW.COM
(917) 405-8096

October 27, 2020

**Via ECF and FedEx**
Judge Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  *SHHA, LLC v. Opal Holdings LLC et al.*
       Case No. 2:20-cv-03574-DRH-AYS

Dear Judge Hurley,

We represent defendants Holman Funding Group, Inc. ("Holman Funding") and Chaim Holman ("Mr. Holman" and, together with Holman Funding, "Holman") in the above-referenced matter. We write in accordance with Your Honor's Individual Practice Rules 2(A) and 3(B) to request a pre-motion conference concerning Holman's proposed motion to dismiss pursuant to F.R.C.P. 12(b)(1) (lack of subject matter jurisdiction), 12(b)(3) (improper venue) and 12(b)(6) (failure to state a claim).

**Relevant Facts**

The gravamen of the Complaint in this action appears to be that codefendants Shaya Prager ("Mr. Prager"), Opal Holdings LLC ("Opal Holdings") and Opal Holdings NY LLC (together with Opal Holdings, "Opal") owe plaintiff, SHHA, LLC ("SHHA") a commission in connection with a sale of facemasks. (*See* Amended Complaint, Docket No. 6, ¶¶ 13-24.)

With respect to Holman, SHHA alleges that Mr. Holman introduced SHHA to Mr. Prager. (*Id.*, ¶ 15.) SHHA further alleges that Mr. Holman made certain representations to SHHA, including that he was Mr. Prager's agent and that Mr. Prager – not Holman – would pay SHHA a commission if SHHA procured a buyer for Mr. Prager's facemasks. (*Id.*, ¶¶ 15-16, 18.)  SHHA does not contend that Holman received anything of value from anyone in return for introducing SSHA to Mr. Prager. (*See id., passim*.)

SHHA seeks, *inter alia*, (a) a declaratory judgment that Mr. Holman served as Mr. Prager's agent and, further, that a valid contact existed between SHHA and Holman (First Cause of Action).

Page 1 of 3

SHHA also alleges that Holman has been unjustly enriched (Third Cause of Action), that Holman has breached a contract with SHHA (Fourth Cause of Action), that this Court should pierce the corporate veil of Holman Funding (Fifth Cause of Action) and that this court should impose a constructive trust on any funds derived by Holman from the sale of facemasks (Seventh Cause of Action).

## The Proposed Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1)(3) and (6)

**A.  This Action Should Be Dismissed Based on the Forum Selection Clause in the Only Written Agreement at Issue.**

The only written agreement attached to the Complaint is a Purchase Order, purportedly procured by SHHA (which is not mentioned therein), signed by Prager on behalf of non-party Lyon Imports LLC DBA Mandel Distributors ("Lyon") with non-party Payload Group, LLC ("Payload"). (Docket No. 6-1.) That Purchase Order contains the following provision:

> 18. **Governing Law and Exclusive Venue**. This Purchase Order shall be construed under the laws of the State of Minnesota, United States of America. All actions or disputes shall be brought ONLY in the state or federal courts of Minnesota.

Significantly, that clause is not limited to actions or disputes between the parties, *i.e.*, Prager/Lyon Imports and Payload; rather, the words "all actions or disputes" encompass this related dispute as well. *See Magi XXI, Inc. v. Stato della Città del Vaticano*, 714 F.3d 714, 722 (2d Cir. 2013), *quoting Holland Am. Line Inc. v. Wartsila N.Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) ("where the alleged conduct of the nonparties is closely related to the contractual relationship, a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.") Accordingly, this matter should be dismissed *in toto* pursuant to Fed. R. Civ. P. 12(b)(1), (3) and/or (6). *See TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011) (collecting cases).

**B.  SHHA Has Failed to State Any Viable Cause of Action against Holman.**

In the event the Court does not dismiss this action as to Holman based on the forum selection clause discussed above, it should nonetheless permit Holman to move for dismissal pursuant to F.R.C.P. 12(b)(6) for the following reasons.

In its First Cause of Action, SSHA seeks a declaratory judgment that (a) Holman was Prager's/Opal's agent and (b) a valid contract existed between SSHA and Holman. However, if, as alleged, Holman was acting as a mere agent, then Holman has no liability to SHHA. As a general rule, if Holman acted with express, actual or apparent authority from a principal, as claimed, then Holman would have no liability to SHHA. Additionally, the Complaint does not assert facts sufficient to demonstrate the existence of any contract, whether written or oral, between SSHA and Holman. For example, there is no allegation that Holman received any consideration from either SSHA or Prager/Opal in exchange for introducing SSHA to Prager/Opal. It is axiomatic that absent consideration, there can be no contract.

SSHA's Third Cause of Action for unjust enrichment is also unavailing. There is simply no basis set forth in the Complaint for concluding that Holman has received any benefit whatsoever from either SSHA or co-defendants. Absent any such basis, Holman cannot have been unjustly enriched.

As explained above, SSHA's Fourth Cause of Action for breach of contract is also fatally flawed. As noted above, the allegations in the Complaint simply do not allege the necessary elements of any contract – either written or oral – between SSHA and Holman.

SHHA's Sixth Cause of Action to pierce Holman Funding Group, Inc.'s corporate veil should also be dismissed. There is typically no independent cause of action to pierce the corporate veil. *See, e.g., Morris v. State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, 810 (1993) ("an attempt . . . to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners").

Finally, SSHA's seventh cause of action for a constructive trust is expressly conditioned on the liability of Holman Funding, Inc. (*See* Complaint, ¶ 71.) For the reasons discussed above, Holman Funding has no such liability, and thus this final cause of action should also be dismissed.

Respectfully submitted,

/s/ David E. Miller, Esquire

cc:   Eduard Kushmakov, Esq.
      Jacobs PC
      *Counsel for Plaintiff SHHA, LLC* (*via* ECF)