UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHHA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> OPAL HOLDINGS LLC, OPAL HOLDINGS NY LLC, HOLMAN FUNDING GROUP INC., SHAYA PRAGER, CHAIM HOLMAN <br><br> Defendants. | Case No. 2:20-cv-03574-DRH-AYS |

**DEFENDANTS HOLMAN FUNDING GROUP, INC.'S AND CHAIM HOLMAN'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR LEAVE TO AMEND**

LAW OFFICE OF DAVID E. MILLER, LLC
112 West 34th Street, 18th Floor
New York, New York 10120
(917) 405-8096

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 3

I.   SHHA HAS NO LEGALLY COGNIZABLE CLAIM AGAINST HOLMAN ..................... 3

    A.   HOLMAN WAS NOT UNJUSTLY ENRICHED AT SSHA'S EXPENSE .......... 3

    B.   IF HOLMAN ACTED AS THE OTHER DEFENDANTS' AGENT, THEN HOLMAN CANNOT BE LIABLE HERE .............................................................. 3

    C.   SHHA'S FRAUD CLAIM IS INSUFFICIENTLY PLED ..................................... 4

    D.   SSHA IS NOT ENTITLED TO PIERCETHE CORPORATE VEIL OF HOLMAN FUNDING ................................................................................................ 5

    E.   SSHA ALSO IS NOT ENTITLED TO A CONSTRUCTIVE TRUST AS TO HOLMAN .................................................................................................................. 6

III. SHHA SHOULD NOT BE GRANTED LEAVE TO REPLEAD ........................................... 7

IV. ALTERNATIVELY, ALL OF THE CLAIMS ASSERTED AGAINST HOLMAN SHOULD BE DISMISSED BASED ON THE FORUM SELECTION CLAUSE IN THE ONLY WRITTEN AGREEMENT AT ISSUE ............................................................................... 7

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Amusement Indus. v. Stern*, 693 F. Supp. 2d 301 (S.D.N.Y. 2010) ................................................ 4

*Cortland St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 73 N.Y.S.3d 95 (2018) ..................... 5

*Giblin v. Murphy*, 73 N.Y.2d 769, 536 N.Y.S.2d 54 (1988) ........................................................... 5

*Holland Am. Line Inc. v. Wartsila N.Am., Inc.*, 485 F.3d 450 (9th Cir. 2007) ............................... 7

*Lazard Freres & Co. v. Crown Sterling Mgt.*, 901 F. Supp. 133 (S.D.N.Y. 1995) ..................... 4, 5

*Leonelli v. Pennwalt Corp.*, 887 F.2d 1195 (2d Cir. 1989) ............................................................ 7

*Magi XXI, Inc. v. Stato della Città del Vaticano*, 714 F.3d 714 (2d Cir. 2013) ............................ 7

*Mastropieri v. Solmar Constr. Co.*, 159 A.D.2d 698, 553 N.Y.S.2d 187 (2nd Dep't. 1990) ......... 4

*TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472 (2d Cir. 2011) ............................................. 8

*U.S. v. Lax*, 414 F. Supp. 3d. 359 (E.D.N.Y. 2019) ....................................................................... 5

*Wilkov v. Ameriprise Fin. Servs.*, 753 F. App'x 44 (2d Cir. 2018) ................................................ 2

*Williams v. Suffolk Cty.*, 284 F. Supp. 3d. 275 (E.D.N.Y. 2018) ................................................... 2

.

**Statutes**

Fed. R. Civ. P. 9(b) ................................................................................................................ 2, 4, 8

Fed. R. Civ. P. 12(b)(1) .................................................................................................................. 8

Fed. R. Civ. P. 12(b)(3) .................................................................................................................. 8

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 8

Holman[1] respectfully submits this Memorandum of Law in further support of its motion to dismiss the claims alleged against Holman by SHHA in the Complaint and in opposition to SHHA's cross-motion for leave to amend.

## **PRELIMINARY STATEMENT**

This Court initially issued, *sua sponte*, an Order to Show Cause, in which it advised SHHA that its pleading was facially insufficient because SHHA had not bothered to assert facts in its initial Complaint sufficient to demonstrate that the Court had subject matter jurisdiction. (*See* ECF Docket, Entry dated August 11, 2020.)

In response, SHHA filed its First Amended Complaint. (*See id.*, Doc. No. 6.) All defendants promptly filed letters requesting leave to file motions to dismiss the First Amended Complaint. (*See id.*, Doc. Nos. 15 and 16.) Following a conference with chambers, SHHA then filed its Second Amended Complaint in an apparent attempt to address the issues raised in those letters. (*See id.*, Doc. No. 17.) Defendants, undaunted, served their motions to dismiss on February 19, 2019. (*See id.*, Minute Entry dated December 10, 2020.) Now, in apparent recognition that the Second Amended Complaint is also fatally flawed, SHHA seeks leave to amend its Complaint once more. Moreover, SHHA improperly incorporates and relies on *new* factual allegations in their *proposed* Third Amended Complaint in their brief in opposition to the aforesaid motion ("SHHA Brief"). (*See* SHHA Brief at 7-9.)

Enough is enough. It is now apparent that SHHA does not have any viable claims against Holman and that its Second Amended Complaint should be dismissed as to Holman, with prejudice, for the following reasons:

---

[1] Unless otherwise stated, all capitalized terms used herein have the same meaning as in Holman's initial brief.

First, SHHA's unjust enrichment claim is fatally flawed because Holman received no benefit at SHHA's expense.[2]

Second, SHHA's efforts to convince this Court that Holman was the Other Defendants' agent, if true, is fatal to the rest of SHHA's claims against Holman.

Third, despite the fact that SHHA presumably has the specific facts necessary to save its fraud claim, SHHA's Complaint is nonetheless entirely lacking in the specificity required by F.R. Civ. P. 9(b). Additionally, SHHA has failed to adequately plead facts that would entitle it to punitive damages.

Fourth, SHHA's "cause of action" to pierce to the corporate veil is procedurally flawed, as there is no such cause of action, and, even if there were, SHHA has utterly failed to plead facts, as opposed to mere boilerplate assertions, sufficient to justify piercing the corporate veil.

Finally, there is no basis for imposing a constructive trust on any monies Holman received from the Other Defendants in exchange for facilitating the underlying transaction.

As a result, SHHA's Complaint should be dismissed, with prejudice.

In the alternative, the broad language of the forum selection clause in the only written contract referenced in the Complaint compels dismissal of this case with leave to pursue it in Minnesota.

---

[2] Holman's initial brief ("Holman Memo.") addressed each of SHHA's claims against Holman in the order in which they appeared in the Complaint. For reasons unknown, SHHA's opposition ("SHHA Opp.") addressed Holman's arguments in a different order. For the Court's convenience, Holman addresses the arguments raised in SHHA's opposition brief in the order in which they appear. Holman notes that SHHA does not address the arguments raised by Holman regarding its breach of contract claim anywhere in that brief, and therefore must be deemed to have dropped that claim. *Wilkov v. Ameriprise Fin. Servs.*, 753 F. App'x 44, 46 n.1 (2d Cir. 2018); *Williams v. Suffolk Cty.*, 284 F. Supp. 3d 275, 284 (E.D.N.Y. 2018) (gathering cases).

# ARGUMENT

## I.

## SHHA HAS NO LEGALLY COGNIZABLE CLAIM AGAINST HOLMAN

### A.     Holman Was Not Unjustly Enriched at SSHA's Expense.

SHHA agrees with Holman that, in order for SHHA to have a viable claim for unjust enrichment, it must allege that Holman has received a benefit *at SHHA's expense*. (Holman Memo. at 7; SHHA Opp. at 13.)

SHHA's argument appears to be that this claim is viable because (a) a third-party paid the Other Defendants for the masks, and (b) the Other Defendants paid Holman. (SHHA Opp. at 13.) Yet SHHA has failed to allege that the Other Defendants paid Holman out of the funds they received from the third-party purchaser of the facemasks or that, having done so, they were unable to pay SHHA. The Complaint therefore fails to plead that Holman has received any benefit whatsoever *at SHHA's expense*. Furthermore, as we noted in our initial brief, it was not and cannot be "unjust" for the Other Defendants to have paid Holman to do what it was supposed to do, *i.e.*, find a buyer for their facemasks. (Holman Memo. at 7.)

There is thus simply no basis for this cause of action, which should be dismissed, with prejudice.

### B.     If Holman Acted as the Other Defendants' Agent, Then Holman Cannot Be Liable Here.

The sole factual basis in the Complaint for SHHA's contention that Holman served as the Other Defendants' agent – as opposed to an independent middleman – is the unsubstantiated assertion that Holman held himself out as such. (Complaint, ¶ 25.)

As we explained in our initial brief, even if that assertion were sufficient to state a claim – which it is not – if that is true, then Holman would have no liability here. (Holman Memo. at 6-

3

7.) "It is well-settled that when an agent acts on behalf of a disclosed principal, the agent will not be personally liable for a breach of the contract, unless there is clear and explicit evidence of the agent's intention to be bound." *Mastropieri v. Solmar Constr. Co.*, 159 A.D.2d 698, 699, 553 N.Y.S.2d 187, 188 (2nd Dep't 1990). In the case at bar, there is nothing in the Complaint that suggests that Holman intended to be so bound.

Accordingly, SHHA's First Cause of Action seeking a declaratory judgment should be dismissed, with prejudice.[3]

C. **SHHA's Fraud Claim Is Insufficiently Pled.**

As we explained in our initial brief, SHHA's Sixth Cause of Action for fraud fails because *inter alia*, it is not pled with the specificity required by Fed. R. Civ. P. 9(b), and, additionally, to the extent, if any, that Holman was the Other Defendants' agent, Holman is not liable to SHHA. (Holman Memo. at 8-9.)

SHHA's response is limited to the first argument. (*See* SHHA Memo. at 15-16.) Yet, despite SHHA's unfounded statement that "[i]t is indisputable that Plaintiff is not in a position to know the specific facts until after discovery", it is apparent from the Complaint that SHHA's fraud claim is based upon statements allegedly made by Holman to SHHA. SHHA, therefore, cannot claim that it requires discovery in order to allege fraud with particularity. *See Lazard Freres &*

---

[3] Holman notes that because the nature of any alleged relationship between Holman and the Other Defendants is part and parcel of this litigation, there is no apparent purpose to this cause of action, which in and of itself constitutes grounds for dismissal. *See, e.g., Amusement Indus. v. Stern*, 693 F. Supp. 2d 301, 310-12 (S.D.N.Y. 2010).

4

*Co. v. Crown Sterling Mgt.*, 901 F. Supp. 133, 137 (S.D.N.Y. 1995) ("Any misrepresentations made to [a party] are matters within its own knowledge….").[4]

As a result, SHHA's Sixth Cause of Action for fraud should be dismissed with prejudice.

### D. SHHA Is Not Entitled to Pierce the Corporate Veil of Holman Funding.

As noted in Holman's initial brief, New York law does not recognize a cause of action for piercing the corporate veil. (Holman Memo. at 9-10.)

SHHA's sole response is to cite *U.S. v. Lax*, 414 F. Supp. 3d. 359 (E.D.N.Y. 2019). SHHA fails to grasp Holman's argument. As the New York Court of Appeals recently explained, in one of the very cases cited in *Lax*:

> The party asserting this equitable doctrine, seeks to go behind the corporate existence in order to circumvent the limited liability of the owners and to hold them liable for some underlying corporate obligation" . Properly understood, an attempt . . . *to pierce the corporate veil does not constitute a cause of action independent of that against the corporation*; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners…. At the pleading stage, a plaintiff must do more than merely allege that [defendant] engaged in improper acts or acted in bad faith while representing the corporation. *The plaintiff must adequately allege the existence of a corporate obligation* and that defendant exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice.

*Cortland St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 47-48, 73 N.Y.S.3d 95, 107-08 (2018).

Thus, while SHHA's Complaint contains certain barebones assertions, *inter alia*, that Holman "abused the corporate form to further his personal interests," "disregarded corporate formalities," "failed to maintain adequate company records" and "undercapitalized Holman

---

[4] The New York Court of Appeals has held that, under New York law, , a plaintiff must meet the *very high* threshold of moral culpability in order to obtain punitive damages. *Giblin v. Murphy*, 73 N.Y.2d 769, 772, 536 N.Y.S.2d 54, 56 (1988) (emphasis added). Holman respectfully submits that SHHA has failed to meet that very high standard.

Funding" there is simply no factual basis asserted – none – in the Complaint for any corporate obligation, and thus no basis for piercing the corporate veil. (*See* Complaint, ¶¶ 91-104 and *passim*.)

SHHA's Eighth Cause of Action to pierce the corporate veil and hold Mr. Holman personally liable for the purported bad acts of Holman Funding should be dismissed with prejudice.

### E. SHHA Also Is Not Entitled to a Constructive Trust as to Holman.

Holman and SSHA agree on the factors needed to establish a constructive trust. (Holman Memo. at 10, SHHA Opp. at 17.)  In particular, the agree that one of those factors is unjust enrichment.  Because, as discussed above in Section I.A., there is simply no basis in the Complaint for finding that Holman received any benefit at SHHA's expense, this cause of action must also be dismissed.

We note as well that SHHA's "argument" that it had the requisite confidential or fiduciary relationship because either Holman or SHHA (the brief is silent as to which) had a "duty to act for or to give advice for the benefit of the other  upon matters within the scope of the relation[ship'] between them.  (SHHA Opp. at 17.  Citation omitted.)  Yet, there is no allegation in the Complaint that either Holman or SHHA had such a duty to the other.  In fact, SHHA's sole basis for its position is that such a relationship necessarily exists "by way of SHHA procuring a buyer for the masks and salvaging the deal when it was on the verge of collapse."  Those purely voluntary acts do not create the requisite duty.

 Thus, SSHA's Ninth Cause of Action for a constructive trust should be dismissed, with prejudice.

## II

## SHHA SHOULD NOT BE GIVEN LEAVE TO AMEND

SHHA agrees with Holman that, when amendment would be futile, leave to amend should not be granted. (SHHA Opp. at 19, Holman Memo. at 11. Here, SHHA has already amended its Complaint *twice*. Since further amendment would be futile, denial of leave to amend is proper. *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989).

## III

## ALTERNATIVELY, ALL OF THE CLAIMS ASSERTED AGAINST HOLMAN SHOULD BE DISMISSED BASED ON THE FORUM SELECTION CLAUSE IN THE ONLY WRITTEN AGREEMENT AT ISSUE

As explained in our opening brief, (Holman Memo. at 11-12), the only written agreement attached to the Complaint is the Purchase Order purportedly procured by SHHA – which is not mentioned therein – signed by defendant Shaya Prager on behalf of non-party Lyon Imports LLC DBA Mandel Distributors ("Lyon") with non-party Payload Group, LLC ("Payload"). (Complaint, Exh. A.) That Purchase Order contains the following provision:

> 18. **Governing Law and Exclusive Venue**. This Purchase Order shall be construed under the laws of the State of Minnesota, United States of America. All actions or disputes shall be brought ONLY in the state or federal courts of Minnesota.

As we further explained in our initial brief, the law is clear that this clause is not limited to actions or disputes between the parties, *i.e.*, Prager/Lyon Imports and Payload, but rather encompasses this dispute as well. *See Magi XXI, Inc. v. Stato della Città del Vaticano*, 714 F.3d 714, 722 (2d Cir. 2013), *quoting Holland Am. Line Inc. v. Wartsila N.Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) ("where the alleged conduct of the nonparties is closely related to the contractual relationship, a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.") Accordingly, this matter should be dismissed *in*

7

*toto* pursuant to Fed. R. Civ. P. 12(b)(1), (3) and/or (6). *See TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011) (collecting cases).

## **CONCLUSION**

For the foregoing reasons, the Court should: (i) grant Holman's motion for an order dismissing all claims asserted against Holman with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b); (ii) deny SSHA's motion for leave to amend; (iii) alternatively, dismiss this action with leave to refile it in Minnesota; and (iv) grant Holman such other and further relief as this Court shall deem just and proper.

Dated: New York, New York
April 23, 2021

                                         LAW OFFICE OF DAVID E. MILLER, LLC

                                         By:   /s/ David E. Miller
                                                    David E. Miller
                                                    112 West 34th Street, 18th Floor
                                                    New York, New York 10120
                                                    (917) 405-8096
                                                    *Attorneys for Defendants*
                                                    *Holman Funding Group, Inc. and*
                                                    *Chaim Holman*

To:     Leo Jacobs, Esq.
          Jacobs PC
          8002 Kew Gardens Road, Suite 300
          Queens, New York 11415
          (*via email*)

          Adam J. Stein, Esq.
          Stein Adler Dabah Zelkowitz LLP
          1633 Broadway, 46th Floor
          New York, New York 10019
          (*via email*)