Adam J. Stein, Esq.
Matteo J. Rosselli, Esq.
STEIN ADLER DABAH & ZELKOWITZ LLP
1633 Broadway, 46th Floor
New York, New York 10019
Telephone: (212) 867-5620
Facsimile: (347) 391-2266
astein@steinadlerlaw.com
mrosselli@steinadlerlaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHHA LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>OPAL HOLDINGS LLC, OPAL HOLDINGS NY LLC, HOLMAN FUNDING GROUP INC, LYON IMPORTS d/b/a MANDEL DISTRIBUTORS, SHAYA PRAGER and CHAIM HOLMAN,<br><br>　　　　　　　　Defendants. | Case No. 2:20-cv-03574-DRH-AYS<br><br>**ANSWER** |

　　　　Defendants Opal Holdings LLC, Opal Holdings NY LLC, Lyon Imports d/b/a Mandel Distributors, and Shaya Prager (the "Opal Defendants"), by and through their undersigned counsel, Stein Adler Dabah & Zelkowitz LLP hereby submit this Answer to the Second Amended Complaint of Plaintiff SHHA LLC ("Plaintiff") filed on December 30, 2020 (ECF Dkt. No. 17) (the "Complaint"), and hereby specifically respond and aver as follows:

**NATURE OF THE ACTION**

　　　　1.　　Admit that Paragraph 1 of the Complaint sets forth the causes of action alleged in the Complaint, but further note that Plaintiff's claims for declaratory judgment, fraud, piercing the corporate veil, constructive trust, and punitive damages have been dismissed.

## THE PARTIES

2. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 2 of the Complaint.

3. Admit the factual allegations contained in Paragraph 3 of the Complaint.

4. Deny the factual allegations contained in Paragraph 4 of the Complaint, except to admit that Opal Holdings NY LLC is registered to do business in New York.

5. Admit the factual allegations contained in Paragraph 5 of the Complaint.

6. Deny the factual allegations contained in Paragraph 6 of the Complaint, except to admit that defendant Shaya Prager is a resident and citizen of the State of New Jersey.

7. State that Paragraph 7 of the Complaint contains a legal conclusion as to which no response is required.

8. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations containing in Paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations containing in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. State that Paragraph 10 of the Complaint contains a legal conclusion as to which no response is required.

11. State that Paragraph 11 of the Complaint contains a legal conclusion as to which no response is required.

12. State that Paragraph 12 of the Complaint contains a legal conclusion as to which no response is required.

13. State that Paragraph 13 of the Complaint contains a legal conclusion as to which no response is required.

## BACKGROUND

14. Deny the factual allegations contained in Paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations containing in Paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations containing in Paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations containing in Paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations containing in Paragraph 18 of the Complaint.

19. Deny the factual allegations contained in Paragraph 19 of the Complaint.

20. Deny the factual allegations contained in Paragraph 20 of the Complaint.

21. Deny the factual allegations contained in Paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations containing in Paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations containing in Paragraph 23 of the Complaint.

24. Deny the factual allegations contained in Paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations containing in Paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations containing in Paragraph 26 of the Complaint.

27. Deny the factual allegations contained in Paragraph 27 of the Complaint.

28. Deny the factual allegations contained in Paragraph 28 of the Complaint.

29. Deny the factual allegations contained in Paragraph 29 of the Complaint.

30. Deny the factual allegations contained in Paragraph 30 of the Complaint.

31. Deny the factual allegations contained in Paragraph 31 of the Complaint.

32. Deny the factual allegations contained in Paragraph 32 of the Complaint as it relates to the Opal Defendants.

33. Deny the factual allegations contained in Paragraph 33 of the Complaint.

34. Deny the factual allegations contained in Paragraph 34 of the Complaint as it relates to the Opal Defendants.

35. Deny the factual allegations contained in Paragraph 35 of the Complaint.

36. Deny the factual allegations contained in Paragraph 36 of the Complaint.

37. Deny the factual allegations contained in Paragraph 37 of the Complaint.

38. Deny the factual allegations contained in Paragraph 38 of the Complaint.

39. Deny the factual allegations contained in Paragraph 39 of the Complaint, except to admit that SHHA has contacted the Opal Defendants to demand a commission.

40. Deny the factual allegations contained in Paragraph 40 of the Complaint, except to admit that SHHA has contacted the Opal Defendants to demand a commission.

41. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations containing in Paragraph 41 of the Complaint.

42. Deny the factual allegations contained in Paragraph 42 of the Complaint, except to admit that Plaintiff has contacted the Opal Defendants to demand a commission and that the Opal Defendant have refused to pay the commission to which Plaintiff is not entitled.

**As and For Plaintiff's First Cause of Action**
**(Declaratory Relief Against Holman and Holman Funding)**

43. State that the First Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

44. State that the First Cause of Action relates solely to the Holman Defendants and

that no response is required from the Opal Defendants.

45. State that the First Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendant.

**As and For Plaintiffs' Second Cause of Action**
**(Declaratory Relief Against Prager and the Prager Entities)**

46. State that the Second Cause of Action has been dismissed and no response is required.

47. State that the Second Cause of Action has been dismissed and no response is required.

**As and For Plaintiffs' Third Cause of Action**
**(Unjust Enrichment)**

48. The Opal Defendants repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

49. Deny the factual allegations contained in Paragraph 49 of the Complaint.

50. Deny the factual allegations contained in Paragraph 50 of the Complaint.

51. Deny the factual allegations contained in Paragraph 51 of the Complaint, except to admit that the Opal Defendants have refused to pay a commission to which Plaintiff is not entitled.

52. Deny the factual allegations contained in Paragraph 52 of the Complaint.

53. State that Paragraph 53 contains a demand for relief as to which no response is required.

**As and For Plaintiffs' Fourth Cause of Action**
**(Breach of Contract)**

54. The Opal Defendants repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

55. Deny the factual allegations contained in Paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the factual allegations containing in Paragraph 56 of the Complaint.

57. Deny the factual allegations contained in Paragraph 57 of the Complaint.

58. Deny the factual allegations contained in Paragraph 58 of the Complaint, except to admit that a transaction for the sale of masks was consummated by defendant Lyon Imports.

59. Deny the factual allegations contained in Paragraph 59 of the Complaint, except to admit that the Opal Defendants have refused to pay Plaintiff a commission to which it is not entitled.

60. Deny the factual allegations contained in Paragraph 60 of the Complaint.

61. Deny the factual allegations contained in Paragraph 61 of the Complaint.

62. State that Paragraph 62 contains a demand for relief as to which no response is required.

**As and For Plaintiff's Fifth Cause of Action**
**(Fraud as against Prager and the Prager Entities in the alternative)**

63. State that the Fifth Cause of Action has been dismissed and no response is required.

64. State that the Fifth Cause of Action has been dismissed and no response is required.

65. State that the Fifth Cause of Action has been dismissed and no response is required.

66. State that the Fifth Cause of Action has been dismissed and no response is required.

67. State that the Fifth Cause of Action has been dismissed and no response is required.

68. State that the Fifth Cause of Action has been dismissed and no response is

required.

69. State that the Fifth Cause of Action has been dismissed and no response is required.

**As and For Plaintiff's Sixth Cause of Action**
**(Fraud as against Holman and Holman Funding in the alternative)**

70. State that the Sixth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

71. State that the Sixth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

72. State that the Sixth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

73. State that the Sixth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

74. State that the Sixth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

75. State that the Sixth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

76. State that the Sixth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

**As and For Plaintiff's Seventh Cause of Action**
**(Piercing the Corporate Veil of the Prager Entities)**

77. State that the Seventh Cause of Action has been dismissed and no response is required.

78. State that the Seventh Cause of Action has been dismissed and no response is required.

79. State that the Seventh Cause of Action has been dismissed and no response is

required.

80. State that the Seventh Cause of Action has been dismissed and no response is required.

81. State that the Seventh Cause of Action has been dismissed and no response is required.

82. State that the Seventh Cause of Action has been dismissed and no response is required.

83. State that the Seventh Cause of Action has been dismissed and no response is required.

84. State that the Seventh Cause of Action has been dismissed and no response is required.

85. State that the Seventh Cause of Action has been dismissed and no response is required.

86. State that the Seventh Cause of Action has been dismissed and no response is required.

87. State that the Seventh Cause of Action has been dismissed and no response is required.

88. State that the Seventh Cause of Action has been dismissed and no response is required.

89. State that the Seventh Cause of Action has been dismissed and no response is required.

90. State that the Seventh Cause of Action has been dismissed and no response is required.

## As and For Plaintiff's Eighth Cause of Action
### (Piercing the Corporate Veil of Holman Funding)

91. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

92. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

93. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

94. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

95. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

96. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

97. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

98. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

99. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

100. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

101. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

102. State that the Eighth Cause of Action relates solely to the Holman Defendants

and that no response is required from the Opal Defendants.

103. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

104. State that the Eighth Cause of Action relates solely to the Holman Defendants and that no response is required from the Opal Defendants.

**As and For Plaintiff's Ninth Cause of Action**
**(Constructive Trust)**

105. State that the Ninth Cause of Action has been dismissed and no response is required.

106. State that the Ninth Cause of Action has been dismissed and no response is required.

107. State that the Ninth Cause of Action has been dismissed and no response is required.

108. State that the Ninth Cause of Action has been dismissed and no response is required.

109. State that the Ninth Cause of Action has been dismissed and no response is required.

110. State that the Ninth Cause of Action has been dismissed and no response is required.

The Opal Defendants specifically deny each and every factual allegation contained in the Complaint unless specifically admitted herein, including the factual allegations contained in the Prayer for Relief and "WHEREFORE" paragraph following Paragraph 110 of the Complaint.

# AFFIRMATIVE DEFENSES

The Opal Defendants assert the following defenses in response to the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses as a matter of law, regardless of how such defenses are denominated herein. The Opal Defendants reserve the right to amend their Answer, and to assert additional defenses based upon information or evidence developed in discovery or otherwise.

## First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

The Complaint is barred by the New York Statute of Frauds.

## Third Affirmative Defense

The Complaint is barred by documentary evidence.

## Fourth Affirmative Defense

The claims against the Opal Defendants are barred because the Holman Defendants did not have authority to bind the Opal Defendants to the alleged contract.

## Fifth Affirmative Defense

The claims against the Opal Defendants are barred because the alleged contract fails for indefiniteness.

## Sixth Affirmative Defense

The Complaint is barred under the doctrines of ratification, laches, acquiescence, equitable estoppel, waiver, and unclean hands.

**WHEREFORE**, the Opal Defendants respectfully request that judgment be entered in their favor, and against Plaintiff; that Plaintiff's claims be dismissed with prejudice; that the Opal Defendants be awarded attorneys' fees and costs related to the defense of this action; and that the Opal Defendants be awarded such other relief as the Court may deem just and equitable.

Dated: New York, New York
February 1, 2022

STEIN ADLER
DABAH & ZELKOWITZ LLP

By: _____
Adam J. Stein, Esq.
Matteo J. Rosselli, Esq.
1633 Broadway, 46th Floor
New York, New York 10019
Tel: (212) 867-5620
Fax: (347) 391-2266
astein@steinadlerlaw.com

*Attorneys for Defendants*
OPAL HOLDINGS, LLC,
OPAL HOLDINGS NY LLC,
LYON IMPORTS d/b/a
MANDEL DISTRIBUTORS and
SHAYA PRAGER